

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Craig Carpenito*
*United States Attorney*

*970 Broad Street, Suite 700*
*Newark , New Jersey 07102*

*(973) 645-2700*

December 1, 2020

Brandon D. Minde, Esq.
Dughi, Hewit & Domalewski, P.C.
340 North Avenue
Cranford, New Jersey 07016

Re:  Plea Agreement with Edwin Cordero
     Criminal No. 21-153

Dear Mr. Minde:

This letter sets forth the plea agreement between your client, Edwin Cordero, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on December 15, 2020 if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Edwin Cordero to an Information that charges him with wire fraud, in violation of 18 U.S.C. § 1343. If Edwin Cordero enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal fraud charges against Edwin Cordero based upon his involvement, from in or about February 2019 through in or about April 2019, in a scheme to defraud individuals and entities as further detailed in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Edwin Cordero agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Edwin Cordero may be commenced against him notwithstanding the expiration of the limitations period after Edwin Cordero signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1343 to which Edwin Cordero agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Edwin Cordero is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Edwin Cordero ultimately will receive.

Further, in addition to imposing any other penalty on Edwin Cordero, the sentencing judge: (1) will order Edwin Cordero to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Edwin Cordero to pay restitution pursuant to 18 U.S.C. § 3663A et seq.; (3) may order Edwin Cordero, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583 may require Edwin Cordero to serve a term of supervised release of not more than three years, which term will begin at the expiration of any term of imprisonment imposed. Should Edwin Cordero be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Edwin Cordero may be sentenced to not more than two years' imprisonment, which term is in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Edwin Cordero agrees to make full restitution in the amount of $148,220.84.

- 2 -

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Edwin Cordero by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Edwin Cordero's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Edwin Cordero agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Edwin Cordero from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Edwin Cordero waive certain rights to file an appeal, collateral attack, writ, or motion after

- 3 -

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Edwin Cordero understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Edwin Cordero understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Edwin Cordero wants and agrees to plead guilty to the charged offenses, knowing that this plea will result in his removal from the United States. Edwin Cordero wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Edwin Cordero understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Edwin Cordero waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Edwin Cordero. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Edwin Cordero.

No provision of this agreement shall preclude Edwin Cordero from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Edwin Cordero received constitutionally ineffective assistance of counsel.

No Other Promises

        This agreement constitutes the plea agreement between Edwin Cordero and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                Very truly yours,

                                CRAIG CARPENITO
                                United States Attorney

                                By: Andrew Kogan
                                Assistant U.S. Attorney

APPROVED:

David W. Feder
Chief, Cybercrime Unit

- 5 -

I have received this letter from my attorney, Brandon D. Minde, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Edwin Cordero_                              Date: 12-23-2020
Edwin Cordero


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Brandon D. Minde_                          Date: 12/30/2020
Brandon D. Minde, Esq.


- 6 -

Scanned with CamScanner

## Plea Agreement with Edwin Cordero

## Schedule A

1. This Office and Edwin Cordero recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Edwin Cordero nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Edwin Cordero within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Edwin Cordero further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1 because the substantive offense is wire fraud in violation of Title 18, United States Code, Section 1343.

4. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because conviction of the offense charged in the Information carries a statutory maximum term of imprisonment of twenty years or more.

5. The United States believes that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(F) applies because the relevant loss amount is more than $150,000 but not more than $250,000. If this section applies, this results in an increase of 10 levels. Edwin Cordero reserves the right to argue that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(E) applies because the relevant loss amount is more than $95,000 but not more than $150,000. If this section applies, this results in an increase of either 8. The parties agree that the relevant loss is more than $95,000, but not more than $250,000.

6. As of the date of this letter, Edwin Cordero has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Edwin Cordero's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Edwin Cordero has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court

to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Edwin Cordero's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Edwin Cordero enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Edwin Cordero's acceptance of responsibility has continued through the date of sentencing and Edwin Cordero therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Edwin Cordero's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.  In accordance with the above: (a) if the Court finds that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(E) applies, the parties agree that the total Guidelines offense level applicable to Edwin Cordero is 13; (b) if the Court finds that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(E) applies, the parties agree that the total Guidelines offense level applicable to Edwin Cordero is 14 (collective, the "agreed total Guidelines offense level").

9.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10.  Edwin Cordero knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

- 8 -